## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

CEDRIC ADAMS                          CIVIL ACTION NO. 3:11-cv-1740
    LA. DOC #182811
VS.                                   SECTION P

                                                  JUDGE ROBERT G. JAMES
EAST CARROLL DETENTION
CENTER, ET AL.                        MAGISTRATE JUDGE KAREN L. HAYES

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Cedric Adams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 27, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. Plaintiff is incarcerated at the Forcht Wade Corrections Center, Keithville, Louisiana; however, he complains that he was the victim of excessive force while he was incarcerated at the East Carroll Detention Center (ECDC) in Lake Providence. Plaintiff sued ECDC, Warden Ronnie Harris, Captain Joseph Poché and Lt. Brandon Burch. He prayed for an unspecified amount of money damages.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff, an LDOC inmate, was previously imprisoned at ECDC. On July 28, 2011, plaintiff submitted a grievance alleging that he was "harassed" by Lt. Taylor.

---

[1] It is unclear whether plaintiff also requests a transfer. To the extent that he requested a transfer, it is clear that his request was granted since he was transferred to his present place of confinement prior to filing this complaint.

On August 13, 2011, while leaving the cafeteria following breakfast, plaintiff was confronted by Lt. Burch. According to plaintiff, plaintiff "was stopped ... for no reason and harassed..." Plaintiff left, but was soon stopped by Corrections Officer Johnson who advised that Lt. Burch wanted plaintiff to return. When plaintiff turned, Burch was standing close to him. Plaintiff was taken to "intake", grabbed by the shirt, and pushed against the cabinets. Plaintiff objected and advised those present that he suffers from a pinched nerve on his spine. Burch responded that he was not concerned with plaintiff's condition and advised plaintiff that he should respond to Burch when spoken to or suffer physical harm.

Plaintiff filed an emergency grievance following this incident and requested a transfer. On September 1, 2011, plaintiff submitted another grievance complaining that Capt. Poché summoned plaintiff to intake following the last meal. When he left intake, Burch followed and advised that someday he would use a whole can of mace on the plaintiff. Burch also stated that plaintiff had told him that he smelled marijuana smoke in the dormitory. According to plaintiff, he made no such complaint, and Burch made the statement in an effort to have plaintiff branded as a snitch. Plaintiff requested to speak to an attorney.

### *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it

appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea  v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint adequately sets forth his claim for relief; further amendment is not

3

necessary.

### 2. Verbal Abuse

Plaintiff complains that he was the object of verbal abuse, "harassment," and threats.   Such claims, without more, are not actionable under §1983. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

### 3. Excessive Force

Plaintiff also implies that he was the victim of excessive force when Lt. Burch grabbed him by the shirt and then pushed him against the cabinets in the intake room.  Such claims arise under the Eighth Amendment's prohibition of cruel and unusual punishment.  In this context, "[w]hen prison officials maliciously and sadistically use force to cause harm," the Eighth Amendment is violated "whether or not significant injury is evident." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). However, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " *Id.* at 9-10, 112 S.Ct. 995 (quoting *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078 (1986). A *de minimis*  use of force, such as a slap or a shove, does not implicate constitutional concerns. *Id.*; *Bell v. Wolfish*, 441 U.S. 520 (1979);  *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997) (bruised ear lasting for three days after guard twisted inmate's ear and held his arm behind his back was *de minimis* and did not state a claim for excessive force); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir.1993) (inmate who suffered no injury when sprayed with a fire extinguisher was exposed to a *de minimis* use of force and his claim was properly dismissed as frivolous). Clearly, the force described by plaintiff was a *de minimis* use of force which does not implicate the Eighth

Amendment.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 12, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE